## No. 80SA248

### The People of the State of Colorado v. Hubert E. Hurst

(618 P.2d 1113)

Decided September 15, 1980.

Linda Donnelly, Disciplinary Prosecutor, for complainant.

No appearance for attorney-respondent.

*En Banc.*

JUSTICE LEE delivered the opinion of the Court.

A formal complaint was filed with the Supreme Court Grievance Committee against the respondent, Hubert E. Hurst, charging him with professional misconduct in violation of the Code of Professional Responsibility.

The whereabouts of the respondent being unknown, notice of these proceedings was given in accordance with the provisions of the Colorado

Rules of Civil Procedure C.R.C.P. 4(g)(2). Respondent failed to answer or otherwise plead to the charges against him. His default was entered and the matter proceeded to a formal hearing.

The hearing panel of the grievance committee found that respondent had been admitted to the practice of law in Colorado on October 20, 1960. It also found that on three previous occasions the respondent had engaged in conduct substantially similar to that described hereinafter, and that the Supreme Court of Colorado had suspended respondent indefinitely from the practice of law on June 7, 1979.

■ The complaint in the present case charged that the respondent undertook the defense of his client in an action brought by a bank to collect moneys owing for overdrafts in the sum of $2,534.80. The respondent filed an answer to the complaint and the matter was set for pretrial conference and for trial. Respondent failed to appear at the pretrial conference and the trial date was vacated. The court then ordered the parties to submit a stipulated pretrial order and trial was reset for September 14, 1976. Prior to that date, apparently without his client's knowledge or consent, respondent and opposing counsel agreed to a settlement whereby respondent's client would pay the bank a total of $2,500 at $100 per month, commencing October 15, 1976. Both attorneys appeared in court on September 14, at which time the trial date was vacated and the court ordered that a written stipulation of settlement be filed.

Although a proposed stipulation was mailed to respondent, he failed to respond. The time for the first payment having elapsed, opposing counsel wrote a letter to respondent suggesting that the stipulation be amended to allow respondent's client to make the monthly payments on the agreed amount commencing at a future date. Respondent failed to answer this letter.

As a result of a chance meeting in the courthouse between counsel, opposing counsel agreed to prepare the new stipulation providing for payments on the agreed settlement amount, commencing on March 1, 1977. The second stipulation was prepared and mailed to respondent, who again failed to reply. Being unable to contact respondent, opposing counsel again caused the matter to be set for pretrial conference, on November 11, 1977, and for trial, on January 6, 1978. Notice of these dates was mailed to respondent, who failed to appear at the pretrial conference.

Further notices were sent by certified mail to respondent and his client at their last known addresses, advising them of the trial date. Both notices were returned as undeliverable.

The record shows that in March of 1976 respondent's client had sold his home in Lakewood and apparently no longer resided at that address, to which pretrial notice and notice of trial had been mailed. Subsequently, the client moved to Durango.

Neither the respondent nor his client appeared at the trial and a judgment was entered for $3,044.37. A citation for the appearance of respondents' client was served on the client on August 4, 1978, and when he failed to appear a warrant was issued and the client was thereafter arrested.

The client employed new counsel and a motion to set aside the judgment was filed. This motion was denied. The client satisfied the judgment in December of 1979.

At the grievance committee hearing, the client testified that he had not authorized, nor had he been informed of, the settlement which appeared to have been agreed upon by his attorney and opposing counsel.

Based on the foregoing findings, the grievance committee concluded that it had been established by clear and convincing evidence that: respondent neglected a legal matter entrusted to him by his client, in violation of disciplinary rule DR 6-101(A)(3); respondent, by his irresponsibility and callous indifference in the handling of his client's affairs, engaged in conduct that adversely reflected on his fitness to practice law, in violation of disciplinary rule DR 1-102(A)(6); and, further, respondent had engaged in conduct that constitutes gross carelessness or gross neglect in his capacity as an attorney, in violation of C.R.C.P. 241 B(5).

In our view, the findings and conclusions of the grievance committee are amply supported by the evidence. Respondent's record of unprofessional conduct convincingly demonstrates his unfitness to practice law, and we conclude that for the protection of the public respondent should be removed from the roll of attorneys.

We thus concur in the recommendation of the grievance committee, and order: that respondent be disbarred; that he not be permitted to apply for readmission to the Bar of Colorado until the expiration of eight years from and after the effective date of his disbarment; that he not be readmitted to the Bar of Colorado unless he can show, under such procedures and standards as then may be applicable, rehabilitation, fitness to practice, competence, and compliance with all applicable disciplinary or disability orders and rules; and that he be assessed the costs of these proceedings in the sum of $384.14 and that he be required to pay the same within sixty days from the date hereof.

CHIEF JUSTICE HODGES does not participate.